IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JULIE A. GONZALEZ, | * | C.A. No.: |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| WESTSIDE FAMILY | * | |
| HEALTHCARE, INC., | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1. Plaintiff Julie A. Gonzalez ("Plaintiff") is a resident of the State of Delaware, residing at 1300 South Farmview Drive, Apt. I-27, Dover, Delaware 19904.

2. Defendant Westside Family Healthcare, Inc. ("Defendant"), is a Delaware corporation whose registered agent for service of process is Colonial Charter Company, 3500 S. DuPont Highway, Dover, Delaware 19901.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"); the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA"); and the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.* (the "FMLA").

4.  Jurisdiction is conferred on this Court by 42 U.S.C. §2000e-5(f)(3), by 42 U.S.C. §12117(a), by 29 U.S.C. §2617(a)(2), and by 28 U.S.C. §1343.

5.  Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her sex and her disabilities, by Defendant's interference with her rights under the FMLA, and by Defendant's retaliation against her for her exercise and attempted exercise of her rights under the FMLA.

6.  Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7.  Plaintiff timely submitted a complaint of discrimination on the basis of sex and disability to the Delaware Department of Labor and the Equal Employment Opportunity Commission ("the EEOC").

8.  Plaintiff has received a Notice of Right to Sue from the EEOC.

9.  Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

10. Defendant is liable for the actions of its agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the corporate ratification of the agents' actions by Defendant.

11. At all times relevant to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. §12102(1), *i.e.*, Plaintiff has had both mental and physical impairments that substantially limit one or more of her major life activities, and/or she has had a record of such impairments, and/or she has been regarded by Defendant as having such impairments. Specifically, Plaintiff has been diagnosed with depression and hypothyroidism/Hashimoto's Disease, and the major life activities limited by these impairments include, but are not necessarily limited to, interacting with others, lifting, standing, and thinking.

12. At all times relevant to this Complaint, Plaintiff was an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. §2611(2)(a), in that she had been employed by Defendant for at least twelve (12) months and for at least 1,250 hours of service during the 12 months prior to her exercise of her rights under the FMLA.

13. Despite Plaintiff's disabilities, she was, at all times relevant to this Complaint, able to perform the essential functions of her job position.

14. Plaintiff began employment with Defendant on or about July 9, 2012, and remained employed until her termination on or about June 5, 2015. From on or about May 6, 2013, until her termination, Plaintiff was employed in the position of Office Manager of Defendant's facility located in Middletown, Delaware.

15. In or about May 2014, Plaintiff informed her immediate supervisor, John Hundley ("Hundley"), that she suffered from hypothyroidism.

16. In or about August 2014, Plaintiff informed Hundley that she would need to take a medical leave due to her depression.

17. On or about March 8, 2015, Plaintiff informed Hundley, that she was pregnant and that this was a high-risk pregnancy due to her medical conditions, and that frequent physician's visits would be required for the duration of Plaintiff's pregnancy.

18. On or about March 30, 2015, Defendant issued Plaintiff a Performance Improvement Plan ("PIP").

19. Defendant's established practice and policy, with respect to PIP's, was to issue progressive discipline, including verbal reprimands and written reprimands, if requirements of the PIP were allegedly not met. However, in Plaintiff's case, these steps were not followed, and Plaintiff was terminated on or about June 5, 2015, for allegedly failing to meet the requirements of the PIP.

20. Defendant's termination of Plaintiff was motivated by Defendant's discriminatory animus toward Plaintiff because of her pregnancy and her disabilities, Defendant's retaliation against Plaintiff for her prior use of FMLA leave, Defendant's concern regarding Plaintiff's disabilities and high-risk pregnancy and possible need for future medical leave and/or treatment due to her

disabilities and high-risk pregnancy, and/or Defendant's unwillingness to provide FMLA leave for Plaintiff in the future..

21. The reason provided by Defendant for Plaintiff's termination, *i.e.*, failure to comply with the requirements of her PIP, was pretextual and intended to mask the true reasons for Plaintiff's termination, *i.e.*, discrimination against Plaintiff on the basis of her sex (*i.e.*, pregnancy) and her disabilities, retaliation against Plaintiff for her exercise of her rights under the FMLA, and interference with Plaintiff's exercise of her rights under the FMLA.

22. During the period of Plaintiff's employment, Office Manager Brenda Padilla (the office manager of another facility of Defendant), who was outside Plaintiff's protected classifications (*i.e.*, non-pregnant and no disabilities), had multiple negative interactions with employees and physicians but was not terminated.

23. The wrongful acts committed by Defendant and its agents, as stated hereinabove, were willful, wanton, and committed in bad faith.

24. As a direct result of the actions of Defendant's agents, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

## **COUNT I – TITLE VII**

25. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 24 hereinabove.

26. By committing the aforementioned acts, including terminating Plaintiff, Defendant discriminated against Plaintiff on the basis of her sex in violation of Title VII, including discrimination on the basis of pregnancy and child birth, which has been designated as a form of sex discrimination pursuant to Title VII.

27. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees and costs;

(g) Reinstatement, if feasible; and

(g)   Any other relief that this Court deems just.

## COUNT II – ADA

28.   Plaintiff hereby restates and incorporates by reference paragraphs 1 through 27 hereinabove.

29.   By committing the aforementioned acts, including terminating Plaintiff, Defendant has discriminated against Plaintiff on the basis of her disabilities in violation of the ADA.

30.   As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, physical and emotional injury, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a)   Back pay, including interest;

(b)   Front pay;

(c)   Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d)   Punitive damages;

(e)   Pre-judgment and post-judgment interest;

(f)   Attorney's fees and costs;

(g) Reinstatement, if feasible; and

(g) Any other relief that this Court deems just.

## COUNT III – FMLA

31. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 30 hereinabove.

32. By committing the aforementioned acts, including terminating Plaintiff, Defendant has wrongfully interfered with, restrained, and denied Plaintiff exercise of her rights under the FMLA and has retaliated against Plaintiff for her exercise and intended exercise of her rights under the FMLA.

33. As a direct result of the wrongful and retaliatory conduct of Defendant, Plaintiff has suffered lost wages and other damages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Any and all damages provided pursuant to 29 U.S.C. §2617(a)(1), including but not limited lost wages, salary, employment benefits, back pay, front pay, interest, liquidated damages, and any and all available pecuniary damages;

(b) Pre-judgment and post-judgment interest;

(c) Attorney's fees and costs;

(d) Reinstatement, if feasible; and

(e)     Any other relief, whether legal or equitable, that this Court deems just.

                                        SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____/s/_____
      NOEL E. PRIMOS, ESQ.
      Bar I.D. #3124
      414 S. State Street
      P.O. Box 497
      Dover, DE   19901-0497
      (302) 674-0140
      Attorneys for Plaintiff

DATED: 4-18-16
NEP:chz